UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAMS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1171** |
| **DOLGENCORP, INC.** | **SECTION "T"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff Janice Williams' Motion to Remand alleging that this Court lacks subject matter jurisdiction. [Rec. Doc. No. 9]. The motion was set for hearing on the briefs on July 11, 2007. The Defendant, DolgenCorp, Inc., opposes this Motion. [Rec. Doc. No. 16]. Having considered the memoranda of counsel, the record, and the applicable law, the Motion to Remand is hereby **DENIED.**

### I.   BACKGROUND

In her petition, plaintiff, Janice K. Williams, alleges she fell on the floor as she was walking down an aisle of Dollar General Store # 3403 in Gramercy, Louisiana. Plaintiff alleges that after the fall there was a piece of plastic wrapped around her leg and a box with trailing

1

debris laid out in the aisle. [Rec. Doc. No. 1-2 at 3]. Plaintiff alleges that at all times, DolgenCorp, Inc., Defendant, was the owner of the premises, and controlled and maintained the premises where Plaintiff was injured. [Rec. Doc. No. 1-2 at 3]. Plaintiff alleges that as a result of the fall, she has suffered the following injuries: sprained right wrist, contusion to both hands and strains to both knees. [Rec. Doc. No. 1-2 at 4].

On February 6, 2007, the Plaintiffs filed a Petition in the Civil District Court for the Parish of Orleans, seeking personal injuries and damages as a result of the alleged negligence of the Defendant, DolgenCorp, Inc. [Rec. Doc. No. 1-2 at 1]. Plaintiff also cites the XYZ Insurance Company as a defendant, arguing that XYZ Insurance is responsible for the actions and liabilities of its insured, DolgenCorp, Inc. Id. at 4. On March 5, 2007 the Defendant removed the claim based on diversity jurisdiction pursuant to 28 U.S.C.A. § 1332. Plaintiffs have filed this Motion to Remand, asserting that the amount in controversy is under the $75,000 minimum federal jurisdiction amount. [Rec. Doc. No. 9-2 at 2].

Though both parties agree that there is diversity of citizenship, Plaintiffs argue that because the amount in controversy does not exceed $75,000 the claim should be remanded to the 23rd Judicial District Court where the claim was originally filed. Id. In both the Plaintiffs' Answers to the Defendant's Interrogatories and Request for Production of Documents and in their depositions, the Plaintiffs have maintained that their claim would not exceed $75,000. [Rec. Doc. 9-2 at 2].

Defendant argues that the Plaintiffs' damages in this case exceed $75,000 based on the extent of Plaintiff's injuries. [Rec. Doc. No. 16 at 1-2]. Defendant argues that the burden is on

the plaintiff to demonstrate to a legal certainty that the damages are less than the $75,000 jurisdictional minimum for this Court. Id.  Defendant also asserts that the Plaintiffs' affidavits stipulating the amount of recovery is less than $75,000 is alone not enough to defeat federal subject matter jurisdiction. Id.

## II.   LAW

Any civil action may be removed from state court to federal court if it is shown that the federal court has original jurisdiction. See, 28 U.S.C. §1441 (2006).  The district courts have original jurisdiction over all civil actions where both the matter in controversy exceeds the sum or value of $75,000 and there is diversity of citizenship. See, 28 U.S.C. § 1332 (2006). Diversity of citizenship is found where there is complete diversity, i.e., the citizenship of every plaintiff is diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

For proper removal, the removing party bears the burden of establishing that federal jurisdiction exists. See, De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995), cert. denied, 516 U.S. 865 (1995).  Any ambiguities are construed against removal. Tomlinson v. St. Paul Fire and Marine Insurance Co., 2006 WL 2632105 citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

In general, courts evaluate the facts supporting jurisdiction at the time of removal. Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir.2000); Simon v. Wal-mart Stores, Inc., 193 F.3d 848, 851 (5th Cir.1999). Therefore, post-removal affidavits, stipulations, and/or amendments that reduce the amount in controversy are not enough to deprive the district court of jurisdiction unless the basis for jurisdiction is ambiguous at the time of removal.  See,Simon, 193

F.3d at 851; St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); Cleary v. Murphy Oil USA, Inc., 2003 WL 21977163 (E.D. La. 2003) (citing Gebbia v. Wal-Mart Stores, Inc, 233 F.3d 880, 883 (5th Cir. 2000)).  If the jurisdiction is ambiguous at the time of removal then post-removal affidavits can be considered. Gebbia 233 F.3d 880, 883.

### III.     ANALYSIS

Defendant contends that Article 893 of the Louisiana Code of Civil Procedure requires that Plaintiffs indicate in their prayer for relief whether or not the damages exceed $75,000 for federal jurisdiction.  Defendant argues that the Plaintiffs' claim did not adhere to Art. 893 requirements and therefore precludes the Plaintiff from avoiding federal jurisdiction.  However, Art. 893(A)(1) holds that plaintiffs are completely excluded from making a specific claim for relief, instead allowing the plaintiff to make a "general allegation" that the claim either exceeds or is less than the amount required to establish jurisdiction of the courts.  La. Code. Civ. Pro. Art.893(A)(1).  The statute also holds that, "By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." Id.  Here, the Plaintiffs stated generally in their depositions and interrogatories that the claim would be less than $75,000. [Rec. Doc. No. 9-2 at 2].

Though Plaintiffs' post removal affidavits claim the amount in controversy is less than $75,000, the Defendant argues that Plaintiffs must show to a legal certainty that their damages will not exceed the minimum jurisdictional amount.  Defendant cites Fairchild v. State Farm Mut. Auto Ins. Co., 907 F.Supp. 969 (M.D. La. 1995),  wherein the court held that when a defendant meets the preponderance standard for removal, removal is deemed proper unless plaintiff shows to a legal certainty that the recovery sought will not exceed the jurisdictional

amount.  In Fairchild, the U.S. District Court for the Middle District of Louisiana found that the Defendant met the preponderance standard for removal where the Plaintiff's Petition alleged severe injuries and the Plaintiff's attorney evaluated Plaintiff's claim in a settlement letter, indicating that Plaintiff was willing to settle for $110,000, an amount higher than the jurisdictional minimum for federal jurisdiction.  Fairchild, 907 F.Supp. 969 at 970.

There is nothing in the petition to suggest that the Plaintiffs' pre-removal claim would not exceed $75,000.  In paragraph IX of  Plaintiffs' petition, the Plaintiffs present claims for past, present and future medical expenses; pain and suffering; psychological and emotional distress; physical disability and claims for diminished capacity to enjoy life, loss wages, and inconvenience. [Rec. Doc. No. 1-2 pg. 4].   The Defendant correctly argues that paragraph IX of Plaintiffs' petition states a claim where the degree of  "physical disability and capacity to enjoy life" would likely exceed the federal jurisdiction amount.  [Rec. Doc. No. 1, p. 2].  Considering the extensive claim that the Plaintiff has presented, it can be assumed with a reasonable degree of certainty that the value of recovery as alleged would surpass $75,000.  The Plaintiffs' assertions in a deposition or interrogatory that the claim will not exceed $75,000 fails to show with legal certainty that the claim will be less than the jurisdictional minimum.

Subject matter jurisdiction is evaluated by looking at the petition at the time of removal. See, Frisard v. Bellsouth Telecommunications, Inc., 899 F.Supp 369, 370 (E.D. La. 1995).  This Court finds that it was facially apparent at the time of removal that the amount in controversy in this case exceeded $75,000.  With the requisite $75,000 in controversy, the Court can properly exercise jurisdiction in this case.

Accordingly,

**IT IS ORDERED** that Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this 26th  day of July, 2007.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**